## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **RALPH BADEAUX** | * | **CIVIL ACTION NO.** |
| | * | |
| *Plaintiff* | * | **JUDGE** |
| | * | |
| **v.** | * | **MAGISTRATE** |
| | * | |
| **HURRICANE HOLE** | * | **SECTION** |
| **MANGEMENT, LLC,** | * | |
| **LLC, GRAND ISLE POLICE** | * | |
| **DEPARTMENT, OFFICER JOHN** | * | |
| **DOE 1, OFFICER JOHN DOE 2,** | * | |
| **TOWN OF GRAND ISLE, EURIS** | * | |
| **"DOOBIE" DUBOIS , &** | * | |
| **XYZ COMPANY** | * | |
| | * | |
| | * | |
| *Defendants* | * | |

*************************************

## COMPLAINT

Plaintiff Ralph Badeaux, by and through his attorneys, Smitko Law, APLC., complains against Defendants and requests trial by jury as follows:

### I.        STATEMENT OF JURISDICTION

1.

This action arises under the Constitution and laws of the United States, including Article III, Section 1 of the United States Constitution and is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 42 U.S.C. § 1988. The Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343, 2201.

This case is instituted in the United States District Court for the Eastern District of Louisiana pursuant to 28 U.S.C. §1391 as the judicial district in which all relevant events and omissions occurred and in which Defendants maintain offices and/or reside.

## II. **PARTIES**

2.

Plaintiff:

**RALPH BADEAUX** is a person of full age and majority who resides in the Parish of Terrebonne, State of Louisiana and a citizen of the United States of America.

3.

The defendants are:

**HURRICANE HOLE MANAGEMENT, LLC** a private entity doing business in the Parish of Jefferson, State of Louisiana.

**GRAND ISLE POLICE DEPARTMENT**, hereinafter the "Department" is a Louisiana political subdivision and the employer of Officer John Doe 1 and Officer John Doe 2. The Department and is a proper entity to be sued under 42 U.S.C. 1983.

**OFFICER JOHN DOE 1** – a citizen of the United States and a resident of the State of Louisiana, and at all times relevant hereto, was acting under color of state law in his official capacity as a law enforcement officer employed by the Department. Officer John Doe 1 is sued individually.

**OFFICER JOHN DOE 2** – a citizen of the United States and a resident of the State of Louisiana, and at all times relevant hereto, was acting under color of state law in his official capacity as a law enforcement officer employed by the Department. Officer John Doe 2 is sued individually.

**TOWN OF GRAND ISLE** – hereinafter the "Defendant City" is a Louisiana municipal corporation and the legal entity responsible for itself and for the Grand Isle Police Department. The Defendant City is a proper entity to be sued under 42 U.S.C. 1983.

**EURIS "DOOBIE" DUBOIS**– "hereinafter the "Chief" a citizen of the United States and a resident of the State of Louisiana. Defendant Chief is sued in his official capacity as the Chief of the Grand Island Police Department (at the time of the incident), employed by the Defendant City, and was acting under color of state law.

**XZY COMPANY** a private entity doing business in the Parish of Jefferson, State of Louisiana.

4.

As Chief of the Department, the Chief both exercised and delegated his municipal final decision making power to the Department employees. On information and belief, he also trained and supervised Officer John Doe 1 and Officer John Doe 2.

5.

Defendant City and Defendant Chief are properly sued directly under 42 U.S.C. §1983 for their own and their delegated deliberately indifferent unconstitutional decisions, policies, practice, habits, customs, usages, training, derelict supervision, ratification, acquiescence and intentional failures which were moving forces in the complained of constitutional and statutory violations and resulting injuries.

6.

Defendant City is also properly sued under 42 U.S.C. §1983 for the delegated final decisions of Defendant Chief in his official capacity as the Chief of the Grand Isle Police Department, and for those of any final delegated decision makers, with respect to the hereinafter challenged deliberately indifferent policies, decisions, widespread habits, customs, usages, and practices.

### III .STATEMENT OF FACTS

7.

Plaintiff was working for his employer Pelican Waste Disposal, LLC on May 18th, 2016 at around 6:30a.m. when he arrived at the Hurricane Hole in Grand Isle, Louisiana to make a waste pick-up.

8.

While waiting for a piece of equipment to be moved, he stood by speaking casually to an unidentified male.    As they were talking, an unidentified female in her twenties exited a nearby cabin cruiser boat. The unidentified male told Plaintiff that the female was his sister and that Plaintiff could "talk to her" if he wanted to do so.  Plaintiff expressed no desire in speaking to the female.  At that moment, a Superintendent from the Hurricane Hole approached Plaintiff yelling that he was not to talk to the female.

9.

In the past, the Superintendent of the Hurricane Hole and a group of other unidentified males, had expressed an interest in fighting Plaintiff. The group of unidentified males are believed to be employed by XZY Company.

10.

The Superintendent from the Hurricane Hole, suddenly and without warning, punched Plaintiff in the face. At this time, the group of five unidentified males from XYZ Company began kicking and punching Plaintiff while he attempted to defend himself.

11.

The unidentified female could be heard by Plaintiff in the background saying, "hey, they are fighting out here! What are you going to do about it?" Moments later, the Plaintiff felt himself being violently hit in the head from behind. Officer John Doe 1 yelled, "Grand Isle Police!" Plaintiff then turned around and asked Officer John Doe 1 for his identification. Officer John Doe 1 continued to beat Plaintiff about the head and body with his fists and failed to produce any police identification. Officer John Doe 1 had emerged from the same cabin cruiser boat as the young unidentified female wearing only a T-shirt, jeans, and socks.

12.

While still being beaten by Officer John Doe 1 and five men from the Hurricane Hole
and XYZ Company, Officer John Doe 2 appears and commences to fighting Plaintiff.
Officer John Doe 2 identified himself as Grand Isle Police but failed to produce his badge
or any other means of identification to Plaintiff. Officer John Doe 2 was also in civilian
clothing. Plaintiff yelled to Officer John Doe 2, as he was hitting Plaintiff, that he did not
want to hurt him. Plaintiff then tossed Officer John Doe 2 off the dock and into the water.

13.

While still being beaten by Officer John Doe 1 and five men from the Hurricane Hole
and XYZ Company, Officer John Doe 2 tossed Officer John Doe 1 a firearm. Officer John
Doe 1 immediately pointed the firearm at Plaintiff and the fighting stopped, albeit briefly.
With the firearm trembling in his hand, Officer John Doe 1 motioned at the five men from
the Hurricane Hole and XYZ Company and stated, "get him'".

14.

For an unknown amount of time, all five men senselessly and violently kicked and
punched Plaintiff while he was down on the ground. At one point, Plaintiff blacked out
losing sense of how long the beating occurred.

15.

When Plaintiff regained consciousness, Officer John Doe 1 was still pointing the
firearm at Plaintiff and stated, "What to do with you now?" Plaintiff stated he was going

to call his boss at Pelican Waste Disposal. Officer John Doe 1 stated he felt that would be a great idea so they could straighten everything out. While pretending to dial his employer, Plaintiff dialed the Federal Bureau of Investigation in New Orleans and relayed what had happened to the duty agent. While on speaker phone, the duty agent then read Officer John Doe 1 and Officer John Doe 2 their Miranda Warning. Neither of the officers would answer any questions.

16.

Plaintiff was then allowed to get in his truck and leave the gruesome scene. No one was ever charged with the shocking events that unfolded that morning.

17.

As a result of the beating, Plaintiff had to have back surgery and still continues to have mobility issues.

18.

All of the above-described acts were done by the Defendants intentionally, knowingly, willfully, wantonly, maliciously and/or recklessly in disregard for Plaintiff's federally protected rights, and were done pursuant to the preexisting and ongoing deliberately indifferent official custom, practice, decision, policy, training, and supervision of Defendant City and Defendant Chief acting under color of state law.

19.

With deliberate indifference to the rights of citizens to be free from excessive force by police, the Defendant City and Defendant Chief have ongoingly encouraged, tolerated, ratified, and acquiesced to a dangerous environment of police brutality by:

a. Failing to conduct sufficient training or supervision with respect to the constitutional limitations on the use of force;

b. By failing to adequately punish unconstitutional uses of force; and

c. By tolerating the use of unconstitutional force.

20.

It is the longstanding widespread deliberately indifferent custom, habit, practice, and/or policy of the Defendant City, Defendant Chief, and the Department to permit police officers to use excessive force against individuals when such use is unnecessary and unjustified, as well as to fail to supervise and train officers in the appropriate constitutional limits on the use of force, knowing these officers pose a significant risk of injury to the public.

21.

As a direct and proximate result of the wrongful conduct of each of the Defendants, Plaintiff has been substantially injured. These injuries include, but are not limited to loss of constitutional and federal rights, physical injuries, impairments and disfigurement, great pain and emotional distress, and/or aggravation of pre-existing conditions, and ongoing

special damages for medically related treatment caused by the unconstitutional and moving concerted conduct of all of these Defendants.

22.

Plaintiff also continues to suffer ongoing emotional distress, with significant PTSD type symptoms, including sadness, anxiety, stress, anger, depression, frustration, sleeplessness, nightmares and flashbacks from being beaten like this.

23.

Plaintiff is also entitled to punitive damages on all of his claims against the individual Defendants personally to redress their willful, malicious, wanton, and reckless conduct.

## IV. CLAIM FOR RELIEF

**42 U.S.C. § 1983 – Excessive Force in violation of the Fourth and Fourteenth Amendments**

**(Against all Defendant)**

24.

Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

42 U.S.C. § 1983 provides that:

Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within

the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress . . .

25.

Plaintiff in this action is a citizen of the United States and all of the individual police officer Defendants to this claim are persons for purposes of 42 U.S.C. § 1983.

26.

All individual Defendants to this claim, at all times relevant hereto, were acting under the color of state law in their capacity as Grand Isle police officers and their acts or omissions were conducted within the scope of their official duties or employment.

27.

At the time of the complained of events, Plaintiff had a clearly established constitutional right under the fourth Amendment to be secure in his person from unreasonable seizure through excessive force.

28.

Plaintiff also had the clearly established Constitutional right under the Fourteenth Amendment to bodily integrity and to be free from excessive force by law enforcement.

29.

Any reasonable police officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established at the time.

30.

Defendants' actions and use of force, as described herein, were objectively unreasonable in light of the facts and circumstances confronting them and violated these Fourth Amendment rights of Plaintiff.

31.

Defendant's actions and use of force, as described herein, were also malicious and/or involved reckless, callous, and deliberate indifference to Plaintiff's federally protected rights. The force used by these Defendant police officers shocks the conscience and violated the Fourteenth Amendment rights of Plaintiff.

32.

Defendants unlawfully seized Plaintiff by means of objectively unreasonable, excessive and conscious shocking physical force, thereby unreasonably restraining Plaintiff of his freedom.

33.

None of the Defendants took reasonable steps to protect Plaintiff from the objectively unreasonable and conscious shocking excessive force of the other Defendants despite being

in a position to do so. They are each therefore liable for the injuries and damages resulting from the objectively unreasonable and conscious shocking force of each other officer.

34.

Defendants engaged in the conduct described by this complaint willfully, maliciously, in bad faith, and in reckless disregard of Plaintiff's federally protected constitutional rights.

35.

They did so with shocking and willful indifference to Plaintiff's rights and their conscious awareness that they would cause Plaintiff's severe physical and emotional injuries.

36.

The acts or omissions of all individual Defendants were moving forces behind Plaintiff's injuries.

37.

These individual Defendants acted in concert and joint action with each other.

38.

The acts or omissions of Defendants described herein intentionally deprived Plaintiff of his constitutional rights and caused him other damages.

39.

The individual Defendants are not entitled to qualified immunity for the complained of conduct.

40.

The Defendants to this claim at all times relevant hereto were acting pursuant to municipal custom, policy decision, ordinance, regulation, widespread habit, usage, or practice in their actions pertaining to Plaintiff.

41.

As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling him to compensatory and special damages, in amounts to be determined at trial. As a further result of the Defendants; unlawful conduct, Plaintiff has incurred special damages, including medically related expenses and may continue to incur further medically and other special damages related to expenses, in amounts to be established at trial.

42.

On information and belief, Plaintiff may suffer lost future earnings and impaired earning capacities from the not yet fully ascertained sequelae of his injuries, in amounts to be ascertained in trial. Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. § 1983, pre-judgment interest and costs as allowable by federal law. There may also be special damages for lien interests.

43.

In addition to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against each of the individually named Defendants under 42 U.S.C. § 1983, in that the actions of each of these individual Defendants have been taken maliciously, willfully, or with a reckless or wanton disregard of the constitutional rights of Plaintiff.

## V. PRAYER FOR RELIEF

Plaintiff prays that this court enter judgment for the Plaintiff and against each of the Defendants and grant:

A. Compensatory and consequential damages, including damages for emotional distress, humiliation, loss of enjoyment of life, and other pain and suffering on all claims allowed by law in an amount to be determined at trial;

B. Economic losses on all claims allowed by law;

C. Special damages in an amount to be determined at trial;

D. Punitive damages on all claims allowed by law against individual Defendants and in an amount to be determined at trial;

E. Attorneys' fees and the costs associated with this action under 42 U.S.C. § 1988 including expert witness fees, on all claims allowed by law;

F. Pre- and post-judgment interest at the lawful rate; and

G. Any further relief that this Court deems just and proper, and any other appropriate relief at law and equity.

## [SIGNATURE BLOCK ON NEXT PAGE]

Respectfully submitted,

SMITKO LAW

**/s/ Jerri G. Smitko**
Jerri G. Smitko, #17807
Maxwell P. Smitko, #37317
622 Belanger Street
P.O. Box 1669
Houma, La.  70361
Phone:  (985) 851-1313
Fax: (985) 851-1250
Counsel for the Ralph Badeaux