**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **RALPH BADEAUX** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-4984** |
| **HURRICANE HOLE MANAGEMENT, LLC, ET AL.** | **SECTION "B"(5)** |

## ORDER AND REASONS

Pursuant to Federal Rule of Civil Procedure Rule 55(c), Defendants—the Town of Grand Isle and the Grand Isle Police Department—move to set aside the entry of default. Plaintiff filed a timely opposition. Rec. Doc. 37. For the reasons outlined below,

**IT IS ORDERED** that Defendants' motion to set aside default (Rec. Doc. 31) is **GRANTED.**

## FACTS AND PROCEDURAL HISTORY

Plaintiff Ralph Badeaux filed his complaint on May 17, 2017, pursuant to 42 U.S.C. §§ 1981, 1983, and 1988. Rec. Doc. 1. at 1. Plaintiff alleges that on the morning of May 18, 2016, while acting pursuant to his employment with Pelican Waste Disposal, LLC, several men began violently attacking him outside of the Hurricane Hole, a hotel, restaurant, and marina in Grand Isle, Louisiana. *Id.* at 4. Plaintiff alleges that the group of males involved in the assault included a superintendent of the Hurricane Hole, employees of an unknown company, and Grand Isle police officers John Doe 1 and John Doe 2, who were dressed in civilian clothes at the time of the incident. *Id.* at 5-6.

In his complaint, Plaintiff alleges that the Defendant officers' actions were "malicious and/or involved reckless, callous, and deliberate indifference" to Plaintiff's constitutional and statutory rights. *Id.* at 11. Furthermore, Plaintiff alleges that these actions conform with the widespread and longstanding practice and custom of the Defendant Town of Grand Isle, Defendant Chief of police, and Defendant Police Department to permit officers to use excessive force, as well as a systematic failure to supervise and train officers in the appropriate use of force. *Id.* at 8. Due to the actions of Defendant officers, Plaintiff claims to have required back surgery and that he suffers from ongoing mobility issues and emotional distress. *Id.* at 7, 9.

The town of Grand Isle and the Grand Isle Police Department received service of process on May 23, 2017, while Defendant Euris "Doobie" Dubois received service of process on May 24, 2013. Rec. Doc. 11. Plaintiff requested entry of default judgment against these defendants on November 21, 2017, pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure due to their failure to file an answer or otherwise acknowledge the complaint. Rec. Doc. 15. This Court denied the motion on December 5, 2017 because Plaintiff did not first move for entry of default Rec. Doc. 17. On January 8, 2018, Plaintiff requested entry of default against Defendants pursuant to Rule 55(a) of the Federal Rules of Civil Procedure (Rec. Doc. 19). On January 9, 2018, before this Court

had ruled on Plaintiff's request, Plaintiff filed his First Amended Complaint, reasserting the claims in his original complaint and adding additional defendants. Rec. Doc. 21. On January 22, 2018, this Court granted Plaintiff's request for entry of default against Defendants the Town of Grand Isle and the Grand Isle Police Department, but not Euris Dubois. Rec. Docs. 26, 27. Defendants were served with the First Amended Complaint on January 26, 2018, and filed their answer and accompanying Motion to Set Aside the Entry of Default that same day. Rec. Docs. 28, 29.

**LAW AND ANALYSIS**

The decision to set aside an entry of default lies within the sound discretion of the district court, which may do so if the moving party shows good cause. *See* Fed. R. Civ. P. 55(c); *U.S. v. One Parcel of Real Prop.*, 763 F.2d 181, 183 (5th Cir. 1985). That being said, "courts universally favor trial on the merits.... *In Re Dierschke*, 975 F.2d 181, 183 (5th Cir. 1992).

The Fifth Circuit has interpreted the "good cause" requirement of Rule 55(c) as "[in]susceptible of precise definition" because "no fixed, rigid standard can anticipate all of the situations that may occasion the failure of a party to answer a complaint timely." *In Re Dierschke*, 975 F.2d at 183. Instead, the court considers a number of disjunctive factors, such as whether the default was willful, whether setting aside the default would prejudice the other party, and whether the moving

3

party has presented a meritorious defense. *See One Parcel*, 763 F.2d at 183. These factors are not an exhaustive list of the court's considerations, which also include whether: (1) the public interest was implicated, (2) there was a significant financial loss to the defendant, and (3) the defendant acted expeditiously to correct the default. *See In Re Dierschke*, 975 F.2d at 184. Because defaults are considered extreme sanctions, any doubt as to the existence of good cause "should be resolved in favor of setting aside the default." *Sea Horse Marine Inc. v. Black Elk Energy Offshore Operations, L.L.C.*, 2015 WL 4079831, at *1 (E.D. La. July 6, 2015) (citing *Lindsey v. Price Corp.*, 161 F.3d 886, 893 (5th Cir. 1998)).

The first factor is willfulness, which weighs in favor of setting aside the entry of default. Whether the defendant's failure to timely answer the complaint was willful is a determination of fact for the district court to make. *CJC Holdings, Inc. v Wright & Lato, Inc.*, 979 F.2d 60, 64 (5th Cir. 1992). Even in situations where the defendant's failure to answer a complaint was willful, "a district court may find ... the balance of the factors favors setting aside the entry of default." *Sea Horse Marine*, 2015 WL 4079831 at *2. Here, Plaintiff argues that Defendants' assertion of losing their original complaints is "incomprehensible," and references other cases filed against Defendants that made their way through the proper adjudicatory channels. Rec. Doc. 37 at 12-

13. As evidence of Defendants' willful failure to answer, Plaintiff alleges that Defendants sent men to physically assault him in order to drop the suit. *Id.*

Defendants point out their history of timely responding to lawsuits in the past to show their lack of responsiveness in the instant matter results from inadvertence, which alone is generally not considered a willful act. *Sea Horse*, 2015 WL 4079831 at *2. This history of properly handling lawsuits, in addition to Defendants' timely response to Plaintiff's amended complaint, support a finding of a lack of willfulness. Noteworthy also is Defendants' expeditious attempt to correct the default.

The second factor, whether Plaintiff will suffer prejudice if the default is set aside, also weighs in favor of setting the default aside. The Fifth Circuit has held that a "mere delay does not alone constitute prejudice," instead requiring a showing "that the delay will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud or collusion." *Lacy v. Sitel Corp.*, 227 F.3d 290, 293 (5th Cir. 2000). Plaintiff has not shown that would suffer such negative repercussions from proceeding to trial in this matter. The fact that Plaintiff filed an amended complaint after moving for default demonstrates continued interest in litigating the issues and gave Defendants this opportunity to timely respond to the new complaint.

The third factor that supports setting aside the entry of default is whether Defendants could assert meritorious defenses to Plaintiff's claims. In order to present a meritorious defense for purposes of setting aside an entry of default, the moving party must "make a clear and specific showing ... by [a] definite recitation of facts" that they have a valid defense. *Moldwood Corp. v. Stutts*, 410 F.2d 351, 352 (5th Cir. 1969). The sufficiency of this defense "is measured not by whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense." *Jenkens & Gilchrist v. Groia & Co.*, 542 F.3d 114, 122 (5th Cir. 2008).

In the answer to the original and amended complaints, Defendants put forth a number of defenses to Plaintiff's allegations, including (among others): failure to state a claim for which relief can be granted; that Defendant Dubois is entitled to qualified immunity; that no acts taken by Defendant Dubois violated any of Plaintiff's constitutional or statutory rights; that no acts of the Defendants are sufficient to support a valid *Monell* claim; that Plaintiff is unable to prove the direct causal link between the municipal action or omission of Defendants and the deprivation of Plaintiff's federal rights as required by 42 U.S.C. § 1983; that, assuming there was a § 1983 violation by a subordinate, the Town of Grand Isle cannot be held vicariously liable for those actions; that the officer's actions were

6

reasonable and supported by probable cause; and that Plaintiff's injuries are the result of his own comparative fault and/or his own failure to mitigate damages. *See* Rec. Doc. 28 at 8-10.

The defenses at issue arguably provide "some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Jenkens*, 542 F.3d at 122 (quoting 10A Charles Alan Wright et al., Moore's Federal Practice & Procedure: Civil 3d § 2697 (1998)). Therefore, the third factor also suggests that the default should be set aside.

Finally, the issue of public policy is one that "may cut both ways because there is a value both in allowing trial of cases on the merits and in adhering to procedural rules." *In Re OCA, Inc.*, 551 F.3d 359, 374 (5th Cir. 2008). In the present matter, full litigation of the issues—allegations of individual and systematic police misconduct—would arguably serve the public interest more than strict adherence to procedural rules.

A balancing of the foregoing factors, in conjunction with a modern federal practice favoring trials on the merits, supports setting aside the entry of default. The evidence is inconclusive as to whether Defendants' delay in answering was willful. Defendants have alleged applicable defenses and Plaintiff will not

be prejudiced by vacating the default. Moreover, Plaintiff indicated a willingness to litigate the issues by filing an amended complaint before the Clerk of Court entered a final default.

New Orleans, Louisiana, this 4th day of April, 2018.

_____
SENIOR UNITED STATES DISTRICT JUDGE