**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **RALPH BADEAUX** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-4984** |
| **HURRICANE HOLE MANAGEMENT, LLC, ET AL.** | **SECTION "B"(5)** |

**ORDER**

**NATURE OF THE MOTION AND RELIEF SOUGHT**

Defendants Town of Grand Isle, Grand Isle Police Department, and Euris Dubois filed a motion for summary judgment in their favor and the dismissal of plaintiff's claims against them.[1] Rec. Doc. 60. Plaintiff filed an untimely partial response. Rec. Doc. 64.

For the reasons discussed below,

**IT IS ORDERED** that the motion for summary judgment is **GRANTED** and plaintiff's claims against defendants Town of Grand Isle, Grand Isle Police Department, and Euris Dubois be dismissed.

**IT IS FURTHER ORDERED** that plaintiff's claims against Officer John Doe 1 and Officer John Doe 2 are **DISMISSED.**

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff filed a complaint against defendants, alleging excessive force in violation of the Fourth and Fourteenth amendments. Rec. Doc. 1. Plaintiff alleges that he was attacked and beaten by the Superintendent of the Hurricane Hole and a group

---

[1] Defendant Hurricane Hole Management, LLC filed a separate motion for summary judgment (Rec. Doc. 61), which is considered in a separate order.

1

of five unidentified males, outside of the Hurricane Hole in Grand Isle, Louisiana where he was conducting a waste pickup for his employer, Pelican Waste Disposal on May 18, 2016. Rec. Doc. 1 at 4. Plaintiff asserts two police officers then arrived and joined in on the assault, and that Officer John Doe 1 pointed a firearm at him during the assault. Id. at 6. Plaintiff claims that defendants were acting pursuant to the custom and practice of the Defendant City, Defendant Chief and police department in permitting officers to use excessive force against individuals. Id. at 8. Plaintiff asserts that defendants violated 42 U.S.C. § 1983 by depriving him of his Fourth and Fourteenth amendment rights under color of law. Id. at 9. Defendants filed an answer denying plaintiff's claims and providing affirmative defenses. Rec. Docs. 28, 39.

Defendants filed the instant summary judgment motion asserting that plaintiff failed to state a claim for which relief may be granted because plaintiff cannot identify an individual who has caused him actionable harm. Rec. Doc. 60 at 1. Defendants also argue that plaintiff has failed to establish a valid *Monell* claim for municipal liability and that Euris Dubois is entitled to the protections of qualified immunity. Id. Plaintiff filed an untimely partial response opposing the portion of defendants' summary judgment motion that seeks relief on behalf of the Officer John Doe defendants, stating that defendants do not represent the Doe

2

defendants and therefore a summary judgment motion is not the proper procedure to seek relief on their behalf. Rec. Doc. 64.

**PARTIES' CONTENTIONS**

Defendants Town of Grand Isle, Grand Isle Police Department, and Euris Dubois assert that plaintiff cannot prove that they are liable to him for any violations of his constitutional rights as there is no evidence that a fight took place on the day identified by plaintiff, that plaintiff was injured on that day, or that Euris Dubois or any employee of Grand Isle participated in any fight with plaintiff. Rec. Doc. 60-1 at 3. Defendants also state that the Grand Isle Police Department is not a legal entity capable of being sued and therefore claims against it are impossible as a matter of law and should be dismissed. Id. at 4. Additionally, defendant Euris Dubois, chief of the Grand Isle police department, asserts that he is entitled to the protections of qualified immunity and claims against him must be dismissed. Id. at 5.

Plaintiff's untimely partial response opposes the portion of defendants' motion that seeks to dismiss claims on behalf of the John Doe officers. Plaintiff argues that defendants have no right to seek relief on behalf of the Doe defendants and that the naming of fictitious defendants is not sanctioned by federal jurisprudence. Rec. Doc. 64.

**LAW AND ANALYSIS**

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)). A genuine issue of material fact exists if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

When the movant bears the burden of proof, it must "demonstrate the absence of a genuine issue of material fact" using competent summary judgment evidence. *Celotex*, 477 U.S. at 323. But "where the non-movant bears the burden of proof at trial, the movant may merely point to an absence of evidence." *Lindsey v. Sears Roebuck & Co.*, 16 F.3d 616, 618 (5th Cir. 1994). When the movant meets its burden, the burden shifts to the non-movant, who must show by "competent summary judgment evidence" that there is a genuine issue of material fact. See *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); Lindsey, 16 F.3d at 618.

The Fifth Circuit has held that it is not a district court's duty to sift through the record and find evidence to support a party's opposition to summary judgment. "A failure on the part of the nonmoving party to offer proof concerning an essential element

4

of its case necessarily renders all other facts immaterial and mandates a finding that no genuine issue of fact exists." *Adams v. Travelers Indem. Co. of Connecticut*, 465 F.3d 156, 164 (5th Cir. 2006). Therefore, when a plaintiff fails to respond to a defendant's motion for summary judgment, "the inquiry must be whether the facts presented by the defendants create an appropriate basis to enter summary judgment against plaintiff." *Id.*

A. <u>Grand Isle Police Department is not a juridical entity capable of being sued</u>

Under Louisiana law, police departments are not juridical entities capable of suing or being sued. *See* La. R.S. 33:361; *Winding v. City of New Orleans*, No. 14-2460, 2015 WL 222365, at *5 (E.D. La. Jan. 14, 2015); *Burns v. Westwego Police Dep't*, No. 14-2242, 2014 WL 7185449, at *2 (E.D. La. Dec. 16, 2014); *Martin v. Davis,* No. 06-1770, 2007 WL 763653, at *2 (E.D. La. Mar. 8, 2007). Therefore, as defendants note, plaintiff's claims against the Grand Isle Police Department must be dismissed.

B. <u>Fictitious defendants have not been identified and therefore are dismissed</u>

Plaintiff has not identified and served the fictitious defendants, therefore claims against them should be dismissed. Defendants argue that there is no provision in the federal statutes or federal rules of civil procedure for use of fictitious parties. However, as plaintiff's correctly note, the cases defendants

5

primarily rely on concern specifically the prohibition on considering a fictitious parties' citizenship in determining whether diversity jurisdiction exist and are not applicable here. Fictitious defendants "are routinely used as stand-ins for real parties until discovery permits the intended defendants to be installed." *Richard v. City of Harahan*, 6 F. Supp. 2d 565, 575 (E.D. La. 1998) (quoting *Scheetz v. Morning Call, Inc.*, 130 F.R.D. 34, 36 (E.D.Pa.1990), aff'd, 946 F.2d 202 (3d Cir.1991)); *see also, Jones v. St. Tammany Par. Jail*, 4 F. Supp. 2d 606, 610 (E.D. La. 1998). However, if, after discovery, the plaintiff is still unable to name the fictitious defendant the claims should be dismissed. *Id.* This case was filed in May 2017, and after over a year and a half plaintiff has still not named the fictitious defendants. Plaintiff's assert that a summary judgment motion is not the correct vehicle for bringing claims on behalf of a fictitious defendant. However, Fed. R. Civ. P. Rule 4(m) allows the court to dismiss a party which has not been served within 120 days of filing the complaint. Additionally, Rule 21 of the Federal Rules of Civil Procedure allows the court to drop parties on "its own initiative at any stage of the action and on such terms as are just," and courts in this district have used this rule to dismiss claims against fictitious defendants who have not been named after discovery was conducted. *See Richard v. City of Harahan,* 6 F. Supp. 2d 565 (E.D. La. 1998); *Jones v. St. Tammany Par. Jail,* 4 F. Supp.

2d 606 (E.D. La. 1998). The court-ordered discovery deadline passed on November 21, 2018 (Rec. Doc. 43) and plaintiff has still not identified the fictitious defendants. Therefore, the claims against fictitious defendants Officer John Doe 1 and Officer John Doe 2 are dismissed.

   C. <u>Plaintiff provides no evidence in support of his claims</u>

Plaintiff provides no evidence in support of his claim that defendants assaulted him and caused him to sustain physical injuries or to support a viable *Monell* claim. Plaintiff bears the burden of proof at trial, and therefore, as noted above, defendants "may merely point to an absence of evidence." *Lindsey v. Sears Roebuck & Co.*, 16 F.3d 616, 618 (5th Cir. 1994). Plaintiff must show by "competent summary judgment evidence" that there is a genuine issue of material fact. See *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); Lindsey, 16 F.3d at 618. In this case, plaintiff has provided no evidence to show that there is a genuine issue of material fact. His untimely partial response to the instant motion only discusses whether fictitious defendants may be dismissed in a summary judgment motion but provides no evidence in support of his claims. Rec. Doc. 64. Plaintiff provides no affidavits, depositions, or any other summary judgment evidence in support of his claims or to dispute defendants' assertions. Furthermore, Local Rule 56.2 states that "all material facts in the moving party's statement will be deemed

7

admitted, for the purposes of the motion, unless controverted in the opponent's statement." Plaintiff has not disputed the material facts in defendants' motion and therefore they are deemed admitted. Defendants statement of material facts states that plaintiff cannot identify anyone involved in the fight who caused him harm or any employee of Grand Isle who was present and took part in the beating. Rec. Doc. 60-2 at 2-3. Additionally, as defendants note, to hold a municipality liable, plaintiff must prove that a municipal officer or employee of Grand Isle violated plaintiff's constitutional rights and that these acts were an official policy of the city. Rec. Doc. 60-1 at 10-11 (citing *Monell v. New York City Depart. of Social Services*, 436 U.S. 658 (1978)). To defeat defendant's summary judgment motion, plaintiff "must go beyond the pleadings and designate specific facts that prove that a genuine issue of material fact exists." *Peterson v. Brookshire Grocery Co.*, 2018 WL 5920410, at *2 (5th Cir. 2018). Plaintiff has provided no specific facts in support of his assertion that defendants were involved in a fight with him, that his constitutional rights were violated by a municipal employee, or that the alleged constitutional violations are an official policy of the city. Therefore, plaintiff has not met his burden of showing that there is a genuine issue of material fact. Since the discovery deadline set by the Court has passed (Rec. Doc. 43), summary judgment in favor of defendants is proper. Because this Court finds that

defendants have met their burden for summary judgment, it is not necessary to consider Euris Dubois' qualified immunity claim.

    D. <u>Plaintiff does not prove the necessary element of damages</u>

Plaintiff has not provided evidence that he sustained damages attributable to defendants. Defendants provide medical records showing that plaintiff informed his doctors that the pain in his neck was caused by a fall in the tub. Rec. Doc. 60-1 at 12. Defendant Euris Dubois' affidavit and Laine Landry's affidavit further show that no report of a fight was ever made to the Grand Isle Police Department. Rec. Docs. 60-3, 60-4. Plaintiff provides no alternative evidence to demonstrate that his injuries may be attributable to defendants. Therefore, the evidence would not allow a reasonable jury to return a verdict for plaintiff and summary judgment in favor of defendants is proper. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

New Orleans, Louisiana, this 10th day of December, 2018.

                                         _____
                                         SENIOR UNITED STATES DISTRICT JUDGE