**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **RALPH BADEAUX** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-4984** |
| **HURRICANE HOLE MANAGEMENT, LLC, ET AL.** | **SECTION "B"(5)** |

**ORDER AND REASONS**

**NATURE OF THE MOTION AND RELIEF SOUGHT**

Defendant Hurricane Hole Management, LLC filed a motion for summary judgment in its favor and the dismissal of plaintiff's claims against it.[1] Rec. Doc. 61. Plaintiff did not file any response in opposition.

For the reasons discussed below,

**IT IS ORDERED** that defendant Hurricane Hole Management, LLC's motion for summary judgment is **GRANTED** and plaintiff's claims against defendant Hurricane Hole Management, LLC are **DISMISSED.**

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

The facts of this case are laid out in greater detail in the recent order and reasons issued on the summary judgment motion filed by defendants Town of Grand Isle, Grand Isle Police Department, and Euris Dubois. *See* Rec. Doc. 70. They are adopted here in support of the instant order and reasons and summarized briefly. Plaintiff filed a complaint against defendants, alleging

---

[1] Defendant Grand Isle Police Department, town of Grand Isle, and Euris Dubois filed a separate motion for summary judgment (Rec. Doc. 60), which is considered in a separate order (Rec. Doc. 70).

excessive force in violation of the Fourth and Fourteenth amendments. Rec. Doc. 1. Plaintiff alleges that he was attacked and beaten by the Superintendent of the Hurricane Hole and a group of five unidentified males, outside of the Hurricane Hole in Grand Isle, Louisiana where he was conducting a waste pickup for his employer on May 18, 2016. Rec. Doc. 1 at 4. Defendant Hurricane Hole Management, LLC filed an answer denying plaintiff's claims and providing affirmative defenses. Rec. Doc. 39.

Defendant filed the instant summary judgment motion asserting that there is no genuine dispute of material fact and that plaintiff has no evidence to support his claims. Rec. Doc. 61-2 at 1. Defendant states that plaintiff has no evidence that any Hurricane Hole employee was involved in the alleged incident and that the sole individual employed by defendant on the day the alleged incident occurred does not match plaintiff's description. Rec. Doc. 61-2 at 3.

**PARTIES' CONTENTIONS**

Defendant Hurricane Hole Management, LLC asserts that plaintiff has no evidence that any Hurricane Hole employee was involved in the alleged incident. Rec. Doc. 61-2 at 3. Defendant states that it employed only individual on the date of the alleged incident, and he is Caucasian and not of Latino descent as described by plaintiff, as supported by an affidavit of the owner of Hurricane Hole Management, LLC. Id. at 4. Additionally,

2

defendant asserts that it has never employed a construction superintendent or construction crew, and that it did not have a contract with any construction company on the date of the alleged incident. Id. Therefore, defendant argues that plaintiff offers no evidence in support of its conclusory allegation that a superintendent employed by defendant was involved in the incident, and summary judgment is proper. Id. Plaintiff filed no response in opposition to defendant's motion.

**LAW AND ANALYSIS**

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)). A genuine issue of material fact exists if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

When the movant bears the burden of proof, it must "demonstrate the absence of a genuine issue of material fact" using competent summary judgment evidence. *Celotex*, 477 U.S. at 323. But "where the non-movant bears the burden of proof at trial, the movant may merely point to an absence of evidence." *Lindsey v. Sears Roebuck & Co.*, 16 F.3d 616, 618 (5th Cir. 1994). When the

movant meets its burden, the burden shifts to the non-movant, who must show by "competent summary judgment evidence" that there is a genuine issue of material fact. See *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); Lindsey, 16 F.3d at 618. Nonmovant "must go beyond the pleadings and designate specific facts that prove that a genuine issue of material fact exists." *Peterson v. Brookshire Grocery Co.*, 2018 WL 5920410, at *2 (5th Cir. 2018).

The Fifth Circuit has held that it is not a district court's duty to sift through the record and find evidence to support a party's opposition to summary judgment. "A failure on the part of the nonmoving party to offer proof concerning an essential element of its case necessarily renders all other facts immaterial and mandates a finding that no genuine issue of fact exists." *Adams v. Travelers Indem. Co. of Connecticut*, 465 F.3d 156, 164 (5th Cir. 2006). Therefore, when a plaintiff fails to respond to a defendant's motion for summary judgment, "the inquiry must be whether the facts presented by the defendants create an appropriate basis to enter summary judgment against plaintiff." *Id.*

Plaintiff provides no evidence of a genuine dispute as to material facts and summary judgment in favor of defendant is therefore appropriate. Local Rule 56.2 states that "all material facts in the moving party's statement will be deemed admitted, for the purposes of the motion, unless controverted in the opponent's

4

statement." Plaintiff did not file any opposition to defendant's motion, therefore all the material facts in defendant's statement are deemed admitted for purposes of this motion. Defendant states that plaintiff has no evidence to show that anyone employed by defendant was involved in the alleged incident, that defendant's sole employee on the date of the incident does not match the description plaintiff gave of the Hurricane Hole employee involved in the alleged incident, and that defendant has never employed any construction workers or crew. Rec. Doc. 61-1. Defendant provides an affidavit by the owner of Hurricane Hole Management, LLC in support of its statements as well as a transcript of plaintiff's deposition in which plaintiff describes the Hurricane Hole employee as "of Latino descent." Rec. Doc. 61-3 at 9. Plaintiff offers no evidence to support its assertions that a Hurricane Hole employee was involved in the alleged incident. As discussed above, because plaintiff bears the burden at trial, defendant may merely point to an absence of evidence" to support its motion for summary judgment. *Lindsey v. Sears Roebuck & Co.*, 16 F.3d 616, 618 (5th Cir. 1994). Plaintiff must go beyond the pleadings and designate specific facts that prove that a genuine issue of material fact exists. *Peterson* at *2. Plaintiff cannot "cannot defeat summary judgment with conclusory allegations, unsupported assertions, or presentation of only a scintilla of evidence." *Peterson* at *2. In this case, plaintiff has not designated any facts to prove that a

genuine issue of material facts exists or provided any evidence that goes beyond conclusory allegations or unsupported assertions. In his deposition, plaintiff state that other than his assumption that the man who assaulted him was the superintendent of Hurricane Hole employee, he has no evidence to support his assertion. Rec. Doc. 61-3 at 8-9. Additionally, the description plaintiff provides of the man who assaulted him, does not appear to match the sole employee of Hurricane Hole at the time of the incident. Rec. Doc. 61-4. Defendant has met its burden of demonstrating an absence of evidence on plaintiff's side. Therefore, the evidence would not allow a reasonable jury to return a verdict for plaintiff, and summary judgment in defendant's favor is appropriate.

New Orleans, Louisiana, this 14th day of December, 2018.

                                              _____
                                        SENIOR UNITED STATES DISTRICT JUDGE