**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

**RALPH BADEAUX**                                           **CIVIL ACTION**

**VERSUS**                                                  **NO. 17-4984**

**GRAND ISLE MARINA**                                       **SECTION "B"(5)**
**CONSTRUCTION, LLC, ET AL.**

<u>**ORDER AND REASONS**</u>

Defendant Grand Isle Marina Acquisitions, LLC ("GIMA") filed a motion to dismiss and set aside entry of default for improper service. Rec. Doc. 74. Plaintiff filed a response in opposition. Rec. Doc. 82. Defendant sought, and was granted, leave to file a reply. Rec. Doc. 89.

Defendant Grand Isle Marina Construction, LLC ("GIMC") filed a motion to dismiss. Rec. Doc. 71. Plaintiff filed a response in opposition. Rec. Doc. 81. Defendant sought, and was granted, leave to file a reply. Rec. Doc. 82.[1]

For the reasons discussed below,

**IT IS ORDERED** that defendant Grand Isle Marina Acquisitions, LLC's motion to set aside entry of default is **GRANTED** and defendants GIMA and GIMC's motions to dismiss are **DISMISSED**.

**IT IS FURTHER ORDERED** that plaintiff shall show cause **no later than 15 days** after issuance of this Order and Reasons why this

---

[1] Defendants GIMA and GIMC filed their motions separately, but they will both be considered in a single Order and Reasons because they both concern plaintiff's allegedly improper service of process and involve the same registered agent.

1

Court's prior rulings granting summary judgment in favor of public co-defendants (Rec. Doc. 70) and private co-defendant Hurricane Hole Management (Rec. Doc. 80), which found that plaintiff had provided no evidence to support his claims against any defendant or to demonstrate that he had suffered damages attributable to defendants, should not apply to remaining private party defendants.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff Ralph Badeaux filed his original complaint on May 17, 2017 against defendants Hurricane Hole Management, LLC, Grand Isle Police Department, Office John Doe 1, Officer John Doe 2, Town of Grand Isle, and Euris Dubois. Rec. Doc. 1. On January 9, 2018, plaintiff filed his First Amended Complaint, adding the parties to the instant motions, Grand Isle Marina Acquisitions, LLC ("GIMA") and Grand Isle Marina Construction, LLC ("GIMC"), as defendants. Rec. Doc. 21.

Plaintiff filed an executed summons for GIMA into the record on February 6, 2018 showing that the summons had been left "at the individual's residence or usual place of abode with Melba Hargroder" on January 30, 2018. Rec. Doc. 34 at 5-6. Plaintiff moved for an entry of default against GIMA on November 20, 2018 because GIMA had not filed a response, and the Clerk of Court entered default against GIMA on November 21, 2018. Rec. Doc. 67.

Plaintiff filed an executed summons for GIMC into the record on December 6, 2018 showing that the summons had been served on Don Hargroder, Sr. who plaintiff identified as designated by law to accept service of process on behalf of GIMC, on December 1, 2018. Rec. Doc. 69.

Defendant GIMA filed the instant motion to dismiss and set aside entry of default pursuant to Federal Rule of Civil Procedure 12(b)(5) for improper service pursuant to F.R.C.P. Rule 4(m), alleging the summons does not list an address and Melba Hargroder is not a member, agent, or employee of GIMA. Rec. Doc. 74. Plaintiff filed a response in opposition, arguing that the service on Melba Hargroder at Mr. Hargroder's residence was effective in providing notice and that Mr. Hargroder avoided service for months prior. Rec. Doc. 82 at 2-3. Defendant GIMC filed the instant motion to dismiss pursuant to F.R.C.P. 12(b)(5) for improper service pursuant to Rule 4(m), alleging service was not made until eleven (11) months after GIMC was named in the amended complaint and plaintiff has not shown good cause for the failure to timely make service. Rec. Doc. 71.

This Court previously granted summary judgment in favor of remaining codefendants Town of Grand Isle, Grand Isle Police Department, Euris Dubois, and Hurricane Hole Management and dismissed plaintiff's claims against Officer John Doe 1 and Officer John Doe 2. Rec. Docs. 70, 80.

3

## **LAW AND ANALYSIS**

Federal Rule of Civil Procedure 12(b)(5) permits a defendant to move to dismiss a complaint for insufficient service of process. Federal Rule of Civil Procedure 4(h)(1) states that a corporation, partnership, or association in the United States must be served either by following the relevant state law for serving a summons, or by delivering a copy of the summons and complaint to an officer or agent of the company. Fed. R. Civ. P. 4(h)(1). Louisiana state law provides the following options for service on a domestic limited liability company:

- A. Service of citation or other process on a domestic or foreign limited liability company is made by personal service on any one of its agents for service of process.

- B. If the limited liability company has failed to designate an agent for service of process, if there is no registered agent by reason of death, resignation, or removal, or if the person attempting to make service certifies that he is unable, after due diligence, to serve the designated agent, service of the citation or other process may be made by any of the following methods:

    - (1) Personal service on any manager if the management of the limited liability company is vested in one or more managers or if management is not so vested in managers, then on any member.

    - (2) Personal service on any employee of suitable age and discretion at any place where the business of the limited liability company is regularly conducted.

La. C.C.P. Art. 1266.

A. <u>Insufficient service of process on GIMA</u>

As described above, service of the summons on GIMA could properly be effected in the following ways: 1) personal service on Don Hargroder, as GIMA's registered agent and manager; 2) personal service on any employee of suitable age and discretion at any place where GIMA regularly conducts business, if unable to serve Don Hargroder; or 3) by delivering a copy of the summons and of the complaint to Don Hargroder or Arlene Hargroder, as officers of GIMA.

Plaintiff served GIMA by leaving the summons with Melba Hargroder, who plaintiff states is Don Hargroder's mother. Rec. Doc. 34. Although the return of service does not state the address where the summons was left, plaintiff avers in his response that he served Melba Hargroder at Don Hargroder's residence. Rec. Doc. 82 at 2. Melba Hargroder is not listed as the agent or manager of GIMA in the filing with the Louisiana Secretary of State, nor does plaintiff claim that she is an employee of GIMA. Rec. Doc. 74-2 at 3. Rather, she is the mother of the registered agent of GIMA, Don Hargroder. Neither Rule 4(h) nor Louisiana state law permit a plaintiff to effect service on a company by serving the agent's family members. Plaintiff did not serve GIMA in any of the ways provided for by the Federal Rules of Civil Procedure or Louisiana state law, and therefore service of process was insufficient.

5

Plaintiff argues that Mr. Hargroder had actual notice of the complaint because co-defendant HHM was served at the same time as GIMA and filed an answer into the record. Rec. Doc. 82 at 2. However, actual notice is not a substitute for legal process and does not satisfy Rule 4's requirements. *See Ransom v. Brennan,* 437 F.2d 513, 519 (5th Cir.1971) (finding that even assuming the defendant had "actual notice . . . it would not operate as a substitute for process."); *Way v. Mueller Brass Co.,* 840 F.2d 303, 306 (5th Cir.1988) (stating that "[t]he defendant's actual notice of the litigation . . . is insufficient to satisfy Rule 4's requirements.").

B. <u>Setting aside entry of default entered against GIMA</u>

The decision to set aside an entry of default lies within the sound discretion of the district court, which may do so if the moving party shows good cause. *See* Fed. R. Civ. P. 55(c); *U.S. v. One Parcel of Real Prop.*, 763 F.2d 181, 183 (5th Cir. 1985). Default judgments are "generally disfavored in the law" in favor of a trial upon the merits. *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir.2000). The Fifth Circuit has held that "[w]hen a district court lacks jurisdiction over a defendant because of improper service of process, the default judgment is void and must be set aside under Federal Rule of Civil Procedure 60(b)(4)." *Rogers v. Hartford Life and Acc. Ins. Co.*, 167 F.3d 933, 940 (5th Cir.1999). This applies to motions to set aside a default judgment under Rule

6

55(c) because courts apply essentially the same standard to both motions to set aside a default and motions to set aside a judgment by default under Rule 60(b). *In re OCA, Inc.*, 551 F.3d 359, 370 (5th Cir.2008). In addition, motions to set aside a default are more readily granted than motions to set aside a default judgment. Id. Accordingly, because plaintiff did not properly serve defendant GIMA, it is appropriate to set aside the entry of default against it.

C. Untimely Service of Process on GIMC

Federal Rule of Civil Procedure 4(m) requires a plaintiff to serve a defendant within 90 after the complaint is filed. Plaintiff filed his Amended Complaint adding GIMC as a defendant on January 9, 2018, but did not serve the summons on Don Hargroder, a member of GIMC, until December 1, 2018, nearly eleven months later. Rec. Doc. 69. Plaintiff argues that GIMC had knowledge of the complaint against it because Mr. Hargroder was served with the complaint against HHM and HHM filed an answer. Rec. Doc. 81 at 2. However, as discussed above, actual notice is not a substitute for proper service. Therefore, service of process on GIMC was not timely.

D. Dismissal

Both defendants seek to have plaintiff's claims against them dismissed because they have not been properly served. Pursuant to Rule 4(m):

7

> If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period

"Proof of good cause requires at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013) (internal quotation marks omitted).

Plaintiff does not show good cause for his failure to properly serve defendant GIMA or defendant GIMC. Plaintiff states that he attempted to have Mr. Hargroder personally served for GIMA but was unable to, and that Mr. Hargroder employed a "defensive line of employees, security systems and locked gates." Rec. Doc. 82 at 2-3. Yet, plaintiff was able to serve Mr. Hargroder, albeit untimely, on behalf of GIMC, which indicates that he was able to reach Mr. Hargroder. Rec. Doc. 69. The only explanation plaintiff provides for serving GIMC nearly eleven months after the complaint was filed is to state that he noticed a return of service had not been filed for GIMC while requesting the entry of default against GIMA. Rec. Doc. 81 at 1. As stated above, a simple mistake of counsel does not constitute good cause. Therefore, plaintiff has not shown good cause for not serving defendants GIMA and GIMC in the time frame

provided under Rule 4(m) and this Court is not required to extend the time for service.

Furthermore, given this Court's prior Order and Reasons (Rec. Docs. 60, 70), in which the Court granted summary judgment in favor of the public co-defendants and private co-defendant Hurricane Hole Management because plaintiff provided no evidence to support any of the claims asserted in his complaint or to show that he suffered damages attributable to defendants, it would appear that claims against GIMA and GIMC could also be dismissed. Plaintiff shall show cause **no later than 15 days** after issuance of this Order and Reasons why the Court's prior rulings dismissing plaintiff's claims against public co-defendants and private co-defendant HHM should not apply to remaining defendants GIMA and GIMC.

New Orleans, Louisiana, this 18th day of April, 2019.

_____
SENIOR UNITED STATES DISTRICT JUDGE